IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TYDARRIUS FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-349-ECM |
| | ) | |
| CITY OF DOTHAN, AL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court are two motions to dismiss for lack of jurisdiction and for failure to state a claim filed by the City of Dothan, Alabama ("the City") (doc. 10 & 25), and a motion for leave to file surreply (doc. 32), filed by the Plaintiff, Tydarrius Franklin ("Franklin").

After Franklin filed his initial complaint, the City filed a motion to dismiss.[1]  In response, and with leave of the Court, Franklin filed an amended complaint. (Doc. 23).  In view of the amended complaint, the motion to dismiss directed to the original complaint is due to be DENIED as moot.

In his amended complaint, Franklin brings claims against the City and Belinda Robinson ("Robinson") for excessive force in violation of the Eighth Amendment, negligence, wantonness, assault and battery, and outrageous conduct.[2]

---

[1] Defendant Belinda Robinson filed a *pro se* answer to the original complaint.

[2] Although the amended complaint is somewhat unclear, the amended complaint brings a federal claim against the City and Robinson in the first count, while the second count is expressly asserted only against Robinson. (Doc. 23 at 10-11). Additionally, while other amendments are identified in both counts, the Eighth Amendment is the appropriate claim for excessive force brought by an incarcerated person. *See*

The City moved to dismiss the claims against it in the amended complaint, but Robinson did not respond to the amended complaint.

The Court set a briefing schedule with a deadline for Franklin's opposition to the City's motion.  Although Franklin timely filed a brief in opposition to the motion to dismiss, he also has sought to supplement that response with a surreply brief. (Doc. 32). Because Franklin does not contend that he is responding to new arguments raised in the reply, however, the Court will not consider the surreply brief.

Upon consideration of the timely filed briefs, the record, and the applicable law, and for the reasons that follow, the motion to dismiss the amended complaint is due to be GRANTED in part and DENIED in part.


# I.  LEGAL STANDARDS

## A.  Motion to Dismiss for Lack of Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, may be a factual or facial attack on subject matter jurisdiction. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238 (11th Cir. 2002). A factual attack permits the district court to weigh evidence outside the pleadings to satisfy itself of the existence of subject matter jurisdiction in fact. *Id.* at 1237. However, a facial attack merely questions the sufficiency of the pleading. *Id.* Under a facial attack, the district court accepts the plaintiff's allegations as true and need not look beyond the face of the complaint

---

*Crocker v. Beatty*, 995 F.3d 1232, 1246 (11th Cir. 2021).  Therefore, claims asserted pursuant to other amendments against the City in the first count are due to be dismissed.

to determine whether the court has subject matter jurisdiction. *Id.* If the court then finds that the pleading does not allege a basis for subject matter jurisdiction, the court will dismiss the complaint.

### B. Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U. S. at 678.  Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U. S. at 555, 570.  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

3

## II. FACTS

The facts, taken in a light most favorable to the non-movant, are as follows:

In July of 2020, Franklin was serving a sentence on state-law charges in the City's jail. Robinson worked there as a jailer. On July 27, 2020, Franklin picked up his meal and began walking toward a table when Robinson, without provocation, fired a Taser at his back. Franklin fell to the floor and was allowed to lie there for several minutes without medical attention. (Doc. 23 para. 21).

The amended complaint alleges that at times prior to this event, Robinson had without provocation, justification, or warning grabbed and assaulted other inmates. (*Id.* para. 25). The amended complaint also alleges that Robinson and other jailers' "obvious, flagrant, and rampant behavior" continued over a lengthy period of time. (*Id.* para. 29). The amended complaint further alleges that jailers and/or other officers had been present and overheard or viewed Robinson's prior gratuitous use of excessive force. (*Id.* para. 32). The City is alleged to have failed to punish Robinson before the use of force on Franklin or to implement policies or training to deter misconduct. (*Id.* para. 34). The amended complaint finally alleges that the "aforesaid conduct" was the proximate cause of Franklin's injuries. (*Id.* para. 59).

Franklin does not allege in the amended complaint, but concedes (doc. 30 at 6), that Robinson was terminated from her employment because of the incident with Franklin.[3]

---

[3] The City offers Robinson's termination in part in support of its motion to dismiss claims against her in her individual capacity for lack of jurisdiction. (Doc. 26 at 18).

## III.  DISCUSSION

### A.  Federal Claims

The City moves to dismiss the official capacity claims against Robinson as being redundant of the claims against the City and as mooted by her termination from employment.  Franklin concedes that the official capacity claims against Robinson are due to be dismissed. (Doc. 30 at 12).

Franklin cannot establish liability on the part of the City for his Eighth Amendment claim on the basis of *respondeat superior* or vicarious liability, but must instead prove a municipal policy or custom which caused a constitutional violation. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).  To impose municipal liability under § 1983, a plaintiff must allege facts showing that (1) constitutional rights were violated, (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *Id.*  A plaintiff can allege a policy or custom by one of two ways:  by showing that the alleged constitutional injury was caused by "a municipal official who has final policymaking authority in a certain area of the city's business," or (2) by establishing "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or use with the force of law." *Brown v. City of Ft. Lauderdale*, 923 F.2d 1474, 1480-81 (11th Cir. 1991).

The City moves for dismissal of the Eighth Amendment claim against it, arguing that Franklin does not identify any incidents of excessive force besides the use of force on

him, which is insufficient to allege a policy or custom, and that he has merely relied on conclusory allegations of widespread abuse with no supporting facts.

Franklin responds that he has sufficiently alleged facts of a policy or custom through a widespread practice of jailers, including Robinson herself, using excessive force on other inmates.

The allegations of fact in this case are that before the assault on Franklin, Robinson had without provocation or justification "grabbed and assaulted inmates." (Doc. 23 at para. 25). Franklin further alleges that the City filed to "timely address the overt and egregious violations of inmates' constitutional rights . . . ." (*Id.* para. 35). Franklin also has alleged that Robinson's, and other jailers,' behavior was "obvious, flagrant, and rampant" over a lengthy period of time. (*Id.* para. 28). Contrary to the City's argument, therefore, Franklin has done more than rely on his own incident wherein Robinson used excessive force.

To establish a policy or custom, Franklin also has alleged that the City had "actual notice" because "jailers and/or other officers had been present and overheard and/or viewed prior misconduct of Defendant Robinson's gratuitous use of excessive force." (Doc. 23 para. 32). The complaint alleges the City ignored an obvious risk with "knowledge of the foregoing" pattern of conduct by Robinson. (*Id.* para. 33).

"[A] longstanding and widespread practice is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Brown* 923 F.3d at 1481. If a plaintiff attempts to proceed on a theory of a widespread practice, "actual or constructive knowledge of such customs must be attributed to the governing body of the municipality." *Depew v. City of St. Marys, Georgia*, 787 F.2d 1496, 1499 (11th

Cir. 1986).   A plaintiff can meet this burden by showing "a pattern of constitutional violations exists such that the municipality knows or should know that corrective measures are needed." *Gold v. City of Miami*, 151 F.3d 1346, 1352 n.12 (11th Cir. 1998) (quoting *Young v. City of Augusta, Ga*., 59 F.3d 1160, 1172 (11th Cir. 1998)).   A municipality's failure to correct the constitutionally offensive actions of its employees may rise to the level of a "custom or policy" if the municipality tacitly authorizes these actions or displays deliberate indifference towards the misconduct. *See Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987).

The City argues that Franklin has failed to allege deliberate indifference by pleading only "actual notice," citing *Franklin v. Curry*, 738 F.3d 1246 (11th Cir. 2013).[4]  *Franklin*, unlike other decisions, did not use the label "actual or constructive notice." *Cf. Connick v. Thompson*, 563 U.S. 51, 61 (2011)("Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program.").   Instead, the court explained that deliberate indifference can be alleged through reliance on an inference from the facts, that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." 738 F.3d at 1250 (citation and emphasis omitted).

_____

[4] The City also argues that because Robinson was terminated for the excessive force used on Franklin, this Court must conclude that her actions were inconsistent with the City's training and policies.   Even if Robinson's termination is properly considered in the context of the motion to dismiss for failure to state a claim, deliberate indifference is based on the allegations of a pattern of abuse before the termination.

Another district court within this circuit recently applied the relevant legal standards and concluded that a plaintiff had adequately pleaded a basis for municipal liability where the plaintiff alleged sufficient examples of the use of excessive force "to show that the City of Atlanta was on notice of the need to train officers on pursuing suspects fleeing in vehicles" and alleged deliberate indifference through a failure to "conduct relevant training." *Glover v. City of Atlanta*, 2021 WL 3055267, at *4 (N.D. Ga. July 20, 2021).

In reviewing the amended complaint in this case, this Court must disregard legal conclusions, such as the allegation of "actual notice," and consider only the properly pleaded facts. *Franklin*, 738 F.3d at 1251.  The amended complaint expressly alleges that the City had knowledge of conduct by Robinson.  The facts supporting that allegation are facts of misconduct by jailers as well as facts that jailers and/or other officers were physically present during past incidents of grabbing and assaulting inmates by Robinson.  The amended complaint, therefore, sufficiently alleges awareness of facts of a widespread pattern of abuse from which the inference could be drawn that a substantial risk of serious harm existed. *See Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1324 (11th Cir. 2016)(citing *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) for the proposition that subjective knowledge can be inferred from circumstantial evidence); *see also Quinn v. City of Tuskegee, Alabama*, 2020 WL 1493007, at *5 (M.D. Ala. 2020)(finding evidence of deliberate indifference where the plaintiff told multiple officers about misconduct and "[i]t was common knowledge among the members of the Tuskegee police force that Officer Kelly was having sex with young girls.").  Combined with allegations of fact that the City

failed to address the conduct, these allegations are sufficient to allege a basis for municipal liability.  *See Depew*, 787 F.2d at 1499.

The City also argues that Robinson's use of the Taser against Franklin was so obviously improper that, as a matter of law, additional training or supervision would not have mattered, so there can be no deliberate indifference.[5]  In support of this argument, the City cites to *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 490 (11th Cir. 1997).

In *Sewell*, the court concluded that a municipality could not be held liable for a failure to train officers that they were not to barter arrests for sexual favors. *Id.* The court relied on reasoning that if an officer's response is obvious to all without training or supervision, then the failure to train or supervise is not deliberate indifference. *Id.* (citation omitted).  As the Eleventh Circuit has noted in an unpublished opinion, a "pattern of known misconduct, however, may be sufficient to change reasonable reliance [on common sense] into deliberate indifference." *Doe ex rel. Doe v. City of Demopolis,* 461 F. App'x 915, 917 (11th Cir. 2012); *see also Quinn*, 2020 WL 1493007, at *5.  Therefore, obviously improper conduct can still form the basis of a claim for liability.  For example, another judge of this district found sufficient evidence that a City was deliberately indifferent to statutory rape, even though statutory rape is something a city ordinarily may rely on the common sense of officers not to engage in, because there was a pattern of conduct. *See Quinn*, 2020 WL

_____

[5] The City, in its reply, contends that Franklin has failed to respond to the City's arguments regarding deliberate indifference and causation.  The Court cannot agree that Franklin has failed to respond. (Doc. 30 at 7-8)(acknowledging that a plaintiff must allege an affirmative causal connection between the conduct and the constitutional deprivation and arguing that the "City had direct notice of Sgt. Robinson's history of widespread abuse—which resulted in the violation of citizens' constitutional rights. Other officers and inmates were present and overheard or viewed this prior misconduct.")(citations omitted).

1493007, at *5.  The instant case also is one in which there is an alleged pattern of conduct. Therefore, at this point in the proceedings, the Court cannot conclude that the City is entitled to rely on the common sense of its jailers to avoid a claim of deliberate indifference.

The Court concludes that the amended complaint contains sufficient factual matter, accepted as true at this stage in the proceedings, to state a claim for relief against the City. The motion to dismiss, therefore, is due to be DENIED as to the Eighth Amendment claim against the City.

## B.  State-Law Claims

Franklin agrees to the dismissal of state-law claims against Robinson in her official capacity, (doc. 30 at 12), as well as to the dismissal of intentional tort claims against the City, (*id.* at 13), and argues that his negligence claim against the City should proceed.

The City moves for dismissal of the negligence claim on two bases:  failure to file a sufficient notice of claim and state-law immunity.

### 1.  *Notice of Claim*

Although it acknowledges that Franklin filed a notice of claim, the City argues that Franklin did not satisfy Alabama's statutory notice requirements because he did not specify an amount of damages.  Franklin responds that his notice filed with the City substantially complies with the Alabama statutes.[6]

---

[6] Franklin refers to the notice of claim within the amended complaint.  Accordingly, the Court has considered his notice-of-claim affidavit as provided by the City in ruling on the motion to dismiss.  *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007)(stating that because the document was attached to the motion to dismiss, there was notice that the district court might consider the document and because it is referred to in the complaint, it is central to claim, its consideration comports with the requirements of notice pleading, and neither party challenges its authenticity).

Under state law, a claim for personal injury cannot be brought against a city unless a sworn statement by the injured party is filed with the city clerk "stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed." ALA. CODE §11–47–192. The plaintiff has the burden to prove substantial compliance with the claim-filing requirement. *Shuler v. Bd. of Trustees of Univ. of Alabama,* 480 F. App'x 540, 543 (11th Cir. 2012)(citing *McCarroll v. City of Bessemer*, 289 Ala. 449, 268 So.2d 731, 735 (1972)("[I]n order to maintain an action against a municipal corporation the filing of the statement of claim in substantial compliance with the statute must be alleged and proved.")).

In arguing that Franklin failed to meet his burden, the City relies on *City of Montgomery v. Weldon*, 195 So. 2d 110 (Ala. 1967), which held that a plaintiff had not satisfied the notice of claim statute because he had not stated the amount of damages and had not sworn to the statement.

The Court, however, subsequent to *Weldon,* adopted a rule of "substantial compliance; i. e., the statute will be liberally construed to determine whether claimant has so complied with its requisites as to serve its purpose." *Fuller v. City of Birmingham*, 377 So. 2d 957, 959 (Ala. 1979). In *Fuller*, the Alabama Supreme Court concluded that the statement of damages which claimed, "all my medical expenses," substantially complied with the statute. *Id.* at 959, 961. In so holding, the Court quoted earlier precedent in which it had reasoned that "in some cases the only measure of damages is 'such as the jury may assess.' The plaintiff, therefore, could not know in advance what this amount would be." *Id.* at 960–61 (quoting *Perrine v. Southern Bitulithic Co*., 66 So. 705 (Ala. 1914)). *Fuller*

also expressly considered *Weldon*. *Id.* at 961. This Court concludes, therefore, that under binding Alabama precedent, because Franklin's notice of claim contained a statement that Franklin is seeking actual and punitive damages in the amount to be determined at a later date, it substantially complied with the notice of claim statute. *Id.*

    2.  *Immunity*

The City invokes state-law immunity as to the negligence claim against it.  Alabama law entitles a city to immunity for injuries caused by its agents unless the injuries resulted from neglect, carelessness, or unskillfulness. ALA. CODE §11-47-190.  The City argues that while it can be held liable for negligence claims of its employees, Franklin has failed to allege negligence and instead has pleaded an intentional tort.  The City relies on the unpublished opinion *Fowler v. Meeks*, 569 F. App'x 705 (11th Cir. 2014).

In *Fowler*, a city appealed from a denial of a motion to dismiss by another judge of this district in a case in which there were allegations that a plaintiff who was not resisting arrest was kicked and beaten. *Fowler v. Meeks*, 2014 WL 457762, at *9 (M.D. Ala. 2014). The district court reasoned that immunity would be denied because the allegations "at the very least amount to negligence, unskillfulness, or carelessness." *Id.* The Eleventh Circuit reversed because it determined that the allegations were of more than negligence and showed deliberate actions, entitling the defendant to immunity. 569 F. App'x at 708.

In the instant case, the facts alleged are that Robinson fired a Taser into Franklin's back when he posed no threat to her. (Doc. 23 para. 18).  The amended complaint also alleges that Robinson intentionally maximized the terror and emotional distress experienced by Franklin and other inmates by allowing Franklin to lie in the floor without

medical assistance for several minutes. (*Id.* para. 21).  These allegations are consistent with the video recording, which shows Robinson shooting a Taser at Franklin's back, and then shows Franklin lying on the floor. (Doc. 26-3).[7]

Given the direction in the unpublished opinion in *Fowler* that allegations of conduct that amount to more than negligence are barred by immunity, this Court concludes that the claim as currently alleged in the amended complaint is barred by ALA. CODE §11-47-190.

Franklin has clarified in his brief that he pleaded the negligence claim in the alternative, in the event that Robinson or the City later characterizes Robinson's action as negligent, rather than intentional.  Franklin requests that if his negligence claim is insufficiently pleaded, he be allowed to re-plead this alternative theory.

The City opposes Franklin's request to amend his complaint to re-plead a negligence theory.  The City also argues that even if a negligence claim is pleaded against the City, it is entitled to claim Robinson's state-agent immunity under Alabama law. *See Howard v. City of Atmore*, 887 So.2d 201, 211 (Ala. 2003)("It is well established that, if a municipal peace officer is immune pursuant to § 6–5–338(a), then, pursuant to § 6–5–338(b), the city by which he is employed is also immune.").

Entitlement to immunity could make re-pleading futile. *See McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999).  However, the procedural posture of this case makes resolving the futility issue difficult. There is an exception to the application of state-agent

---

[7]  The Court has considered this footage, attached to the motion to dismiss, as it is central to Franklin's claims and he does not challenge its authenticity. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

immunity which has not been addressed because Robinson has not raised immunity on her own behalf. *See Ex Parte City of Midfield*, 161 So. 3d 1158, 1164–65 (Ala. 2014) ("As noted previously, a plaintiff can show that a State agent acted beyond his or her authority by proffering evidence that the State agent failed to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist.")(quotations omitted). The Court concludes, therefore, that rather than prematurely address these issues, the Court will dismiss the negligence claim, but Franklin will be given the opportunity to re-plead a state-law claim for City liability based on Robinson's negligence, if he can do so within the requirements of Rule 11 of the Federal Rules of Civil Procedure.

## IV.   CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.   The motion to dismiss (doc. 10) filed by the City before the amended complaint was filed is DENIED as moot.

2.   The motion to file surreply (doc. 32) is DENIED.

3.   The motion to dismiss the amended complaint (doc. 25) is DENIED in part and GRANTED in part as follows:

   a.   The motion is DENIED as to Franklin's Eighth Amendment excessive force claim against the City.

     b.  The motion is GRANTED as to any other federal claims against the City and against Robinson in her official capacity and those claims are dismissed with prejudice.

     c.  The motion is GRANTED as to the state law claims against the City for wantonness and outrage and those claims are dismissed with prejudice.

     d.  The motion is GRANTED as to the state law claims against Robinson in her official capacity and those claims are dismissed with prejudice.

     e.  The motion is GRANTED as to the state law negligence claim against the City, but that claim is dismissed without prejudice.

4.  Should he choose to do so, the Plaintiff is given until **September 30, 2021** to file a new, amended complaint which is complete unto itself and which, in addition to the Eighth Amendment excessive force claim brought against the City and the claims against Robinson in her individual capacity, alleges facts to support a claim for negligence against the City, as discussed above.

Done this 17th day of September, 2021.

         /s/ Emily C. Marks

         EMILY C. MARKS
         CHIEF UNITED STATES DISTRICT JUDGE