IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TYDARRIUS FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-349-ECM |
| | ) | |
| CITY OF DOTHAN, AL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is a motion to dismiss the second amended complaint (doc. 36) and a motion for oral argument (doc. 43), filed by the City of Dothan, Alabama ("the City").[1]

This Court previously ruled on a motion to dismiss the first amendment complaint, denying the motion to dismiss the Eighth Amendment claim asserted against the City, granting the motion to dismiss as to the other claims against the City, and dismissing the negligence claim without prejudice to being repleaded. The Court gave Franklin a deadline by which to file a second amended complaint.

In his second amended complaint, Franklin brings claims against the City and Belinda Robinson ("Robinson") for excessive force in violation of the Eighth Amendment and negligence.[2]

---

[1] The Court does not find oral argument to be necessary at this time. The motion is due to be DENIED.
[2] Similar to the first amended complaint, the second amended complaint is unclear because two counts are brought for excessive force under the Eighth Amendment. (Doc. 34 at 11-12). The Court construes the two counts as bringing an Eighth Amendment claim against the City and Robinson.

The City has moved to dismiss the claims against it in the second amended complaint.  Robinson has answered the second amended complaint. (Doc. 38).

Upon consideration of the record and the applicable law, and for the reasons that follow, the motion to dismiss the amended complaint is due to be  GRANTED in part and DENIED in part.

## I.  LEGAL STANDARDS

### A.  Motion to Dismiss for Lack of Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, may be a factual or facial attack on subject matter jurisdiction. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238 (11th Cir. 2002). A factual attack permits the district court to weigh evidence outside the pleadings to satisfy itself of the existence of subject matter jurisdiction in fact. *Id.* at 1237. However, a facial attack merely questions the sufficiency of the pleading. *Id.* Under a facial attack, the district court accepts the plaintiff's allegations as true and need not look beyond the face of the complaint to determine whether the court has subject matter jurisdiction. *Id.* If the court then finds that the pleading does not allege a basis for subject matter jurisdiction, the court will dismiss the complaint.

### B.  Motion to Dismiss for Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## II. FACTS

The facts, taken in a light most favorable to the non-movant, are as follows:

In July of 2020, Franklin was serving a sentence on state-law charges in the City's jail. Robinson worked there as a jailer. On July 27, 2020, Franklin picked up his meal and began walking toward a table when Robinson, without provocation, fired a Taser at his back. (Doc. 34 para. 19). This action by Robinson is also reflected in video footage.[3]

---

[3] The Court has considered this footage, attached to the motion to dismiss, as it is central to Franklin's claims and he does not challenge its authenticity. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Franklin fell to the floor and was allowed to lie there for several minutes without medical attention.  (*Id.* para. 21).

The second amended complaint alleges that at times prior to this event, Robinson had without provocation, justification, or warning grabbed and assaulted other inmates. (*Id.* para. 25).  The second amended complaint also alleges that Robinson and other jailers' "obvious, flagrant, and rampant behavior" continued over a lengthy period of time. (*Id.* para. 28).  The second amended complaint further alleges that jailers and/or other officers had been present and overheard or viewed Robinson's prior gratuitous use of excessive force. (*Id.* para. 32).  Franklin further alleges that there was a culture among detention officers of tolerance for excessive use of force because there was a lack of consequences or disciplinary action. (*Id.* para 49).  In support of that allegation, he alleges that detention officers were the subject of excessive force reports, but that the reports omitted or added facts to justify the use of force and that supervisors did not critically review the reports. (*Id.* para. 50).

Within the count asserting a negligence claim, the second amended complaint alleges that the City may take the position that the use of the Taser by Robinson was unintentional, that Franklin refused an order to comply, or that Franklin posed a threat to the safety and well-being of others, but that no order was provided by Robinson and any belief that Franklin posed a threat was unreasonable. (*Id.* para. 67–68).

## III.  DISCUSSION

### A.  Federal Claims

The City moves for dismissal of the Eighth Amendment claim against it, arguing that there is no basis for municipal liability because Franklin has merely relied on conclusory allegations of widespread abuse with no supporting facts.  Franklin responds that the City's previous motion to dismiss was denied as to this claim and that the City ought not be allowed to move to dismiss this claim. Franklin requests sanctions as a result. The City responds that it is asking the Court to re-examine its previous determination.

Pursuant to Fed. R. Civ. P. 59(e), a party may seek to alter or amend judgment only on the basis of "newly-discovery evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc*., 626 F.3d 1327, 1344 (11th Cir. 2010).  Moreover, "Rule 59(e) was not constructed 'to give the moving party another bite at the apple . . . .' " *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000).

In its previous motion, the City argued that Franklin did not identify any incidents of excessive force other than his own (doc. 26 at 47), and that Franklin did not allege any facts to show that the City was on notice of a need to train or supervise (*id*. at 50).  This Court disagreed and concluded that there were sufficient allegations of force other than that used on Franklin as well as facts of an awareness of a widespread pattern of abuse from which the inference could be drawn that a substantial risk of serious harm existed. (Doc. 33 at 8)(citing *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1324 (11th Cir. 2016)(citing *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) for the proposition that subjective knowledge can be inferred from circumstantial evidence) and *Quinn v. City of*

*Tuskegee, Alabama*, 2020 WL 1493007, at *5 (M.D. Ala. 2020)(finding evidence of deliberate indifference where the plaintiff told multiple officers about misconduct and "[i]t was common knowledge among the members of the Tuskegee police force that Officer Kelly was having sex with young girls.")).

In its new motion, the City has focused on Franklin's allegations regarding Robinson's actions and cites the Court to multiple factually dissimilar, non-binding opinions which it argues forecloses an interpretation of the second amended complaint as adequately pleading a basis for municipal liability. (Doc. 37 at 35)(citing *Springman v. City of Venice*, 439 F. App'x 861, 865 (11th Cir. 2011)(identifying a conclusory allegation of a pattern of conduct)).   The City contends that it should not be forced to endure discovery where there are no facts to support the conclusory allegations.

The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U. S. at 555.  Franklin has not alleged merely a conclusory allegation that Robinson engaged in a pattern of excessive force, but has pleaded that before the use of the Taser on Franklin, Robinson had without provocation or justification grabbed and assaulted inmates in such a manner that other officers who were present witnessed or overheard the conduct.  The second amended complaint further alleges that there was a culture among the jailers of a tolerance of excessive force which was created when excessive force reports were filed against the jailers but were not critically viewed by supervisors or were altered to justify the conduct. (Doc. 34).  Accordingly, the Court is not persuaded that its previous denial of the City's motion as to this claim is a manifest error.

6

Therefore, while the Court does not find the City's motion to dismiss as to the federal claim against the City to be sanctionable, it does find that it is due to be DENIED.

The City also moves to dismiss the claims for punitive damages against it. The motion to dismiss is due to be GRANTED in that respect, because municipalities are immune from punitive damages. *See City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 271 (1981).

### B.  Negligence Claim

In *Birmingham v. Thompson*, 404 So. 2d 589 (Ala.1981), the Alabama Supreme Court held that a plaintiff could pursue an assault claim against a city despite an immunity statute for intentional torts because Alabama has historically recognized negligent, as well as intentional, assault.  In examining the sufficiency of pleading such a claim, in an unpublished opinion, the Eleventh Circuit has reversed a denial of a motion to dismiss where it determined that the allegations of the complaint were of deliberate actions and, therefore, more than negligence, entitling the defendant municipality to immunity. *See Fowler v. Meeks*, 569 F. App'x 705 (11th Cir. 2014).  Considering this analysis in ruling on the earlier motion to dismiss, this Court dismissed Franklin's negligence claim, but allowed Franklin additional time in which to replead an alternative negligence claim in the instant case.  (Doc. 33  at 13).

In moving for dismissal of the negligence claim in the second amended complaint, the City argues that while it can be held liable for negligence claims of its employees, Franklin has failed to allege negligence and instead has pleaded an intentional tort.  The

City points to the allegations of the second amended complaint that Robinson intentionally and maliciously shot him with the Taser and the security camera footage which the City says confirms that Robinson acted intentionally.  In the negligence claim, however, the second amended complaint selectively incorporates the paragraphs which precede it and does not incorporate one of the paragraphs pointed to by the City, (doc. 42 at 15); namely, paragraph fifty-three which alleges an intentional and malicious firing of the Taser. (Doc. 34 para. 65).

In the context of the alternatively pleaded negligence claim in second amended complaint, Franklin alleges that Robinson fired a Taser into Franklin's back, but that, if the City contends that Franklin violated Robinson's orders or posed a danger to others, Franklin's belief was unreasonable. (Doc. 34 para. 70).  Franklin's theory, therefore, is that Robinson owed a duty not to deploy a Taser unless Franklin failed to comply with orders or there was a reasonable belief that he posed an immediate threat of harm to himself or to others, and that Robinson lacked a reasonable belief that the use of the Taser was justified in this case.

While the City disputes that such a theory states a cognizable claim,[4] the City also responds that even if Franklin has stated an alternative negligence claim, it is entitled to immunity because state-agent immunity applies to the City.

_____

[4] The City cites to *Brown v. City of Huntsville*, 608 F.3d 724, 743 (11th Cir. 2010).  In that case, however, the court specifically noted that "[w]hile the Plaintiffs' Amended Complaint alleges the conduct of Norris and Anderson was 'either negligent, wanton, malicious, willful, or in bad faith,' Am. Compl. ¶¶ 27, 38, at the summary judgment stage the evidence showed Norris acted intentionally." *Id.*  *Brown*, therefore, does not control in this case where Franklin has pleaded a negligence theory, and the case is at the motion to dismiss case.

Under Alabama statutory law, a peace officer has "immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties." ALA. CODE § 6-5-338.  Alabama cases have made it clear that this analysis no longer uses a "dichotomy of ministerial versus discretionary functions," but applies the standard from *Ex Parte Cranman,* 792 So. 2d 392 (Ala. 2000), in determining whether officer immunity applies. *See Blackwood v. City of Hanceville*, 936 So. 2d 495, 504 (Ala. 2006).  "Before *Cranman*, the immunity accorded a peace officer under § 6–5–338(a) was analyzed in terms of whether at the time of the act complained of the officer was engaged in the performance of a discretionary act." *Id.* Under the *Cranman* category, as modified, that applies to law enforcement, immunity applies to a state agent's "exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons, or serving as peace officers under circumstances entitling such officers to immunity pursuant to § 6–5–338(a), ALA. CODE 1975." *Hollis v. City of Brighton*, 950 So. 2d 300, 309 (Ala. 2006).

"[U]nder principles of vicarious liability, where a municipal employee enjoys immunity, the municipality likewise is immune as to claims based on the employee's conduct." *City of Bayou La Batre v. Robinson*, 785 So. 2d 1128, 1131 (Ala. 2000). "Alabama's statutory, discretionary-function immunity explicitly extends an officer's immunity to the employing municipality." *Brown v. City of Huntsville, Ala*., 608 F.3d 724, 742 (11th Cir. 2010) (citing ALA. CODE § 6–5–338(b) ("This section is intended to extend immunity only to peace officers and governmental units or agencies authorized to appoint

peace officers.")); *see also Ex parte City of Gadsden*, 781 So. 2d 936, 940 (Ala. 2000) ("The plain language of [§ 6–5–338(b)] extends that discretionary-function immunity to the City.")).

Franklin does not dispute that the City is entitled to invoke this defense on its own behalf, but argues that Robinson was not engaged in a discretionary function, therefore, there is no immunity for Franklin or the City.[5]  In support of that argument, Franklin cites to non-binding authority for the proposition that an excessive use of force is not a discretionary function for purposes of state-law immunity. (Doc. 41 at 7).

Another judge of this district examined the approach of Alabama courts to immunity analysis and reasoned that although federal law views the scope of discretionary authority as a question of whether the act would be within the official's duties, at that time, Alabama had adopted an approach that even if the use of force is typically within the discretion of an officer, an unreasonable or egregious use of force cannot be a discretionary function. *See Mann v. Darden*, 630 F. Supp. 2d 1305, 1318, n.8 (M.D. Ala. 2009).

The City urges this Court not to follow this analysis and instead to follow *Shell v. Butcher*, 2021 WL 1940661, at *3 (Ala. May 14, 2021).  In that recent decision of the Alabama Supreme Court, a detainee of the Montgomery city jail suffered a stroke and died, causing her estate to bring claims against the jailers, including a claim for negligence. 2021 WL 1940661, at *2.  The Alabama Supreme Court explained that it was "undisputed that Butcher and Payne were discharging duties pursuant to Montgomery municipal-jail

---

[5] Robinson invokes state-agent immunity in her answer to the second amended complaint. (Doc. 38 at 11).

policies and procedures and, therefore, generally would be entitled to State-agent immunity." The Court then examined whether an exception to immunity applied. *Id.*

Although not an excessive force case, *Shell* is consistent with the Eleventh Circuit's recently articulated view that Alabama courts have adopted an approach which equates the burden shifting for state immunity with the burden shifting involved in analyzing federal qualified immunity. *See King v. Pridmore*, 961 F.3d 1135, 1147 (11th Cir. 2020)("The test for discretionary function and state-agent immunity follows the same burden-shifting analysis as the test for federal qualified immunity."), *cert. denied*, 141 S. Ct. 2512 (2021); *Hunter v. City of Leeds*, 941 F.3d 1265, 1284 (11th Cir. 2019)("The Alabama Supreme Court has largely equated qualified immunity with discretionary-function immunity. . . ."). Using that approach in *Cantu v. City of Dothan, Alabama,* 974 F.3d 1217, 1236 (11th Cir. 2020), in analyzing state-agent immunity to state law claims, the court relied on the finding made in the context of analyzing the federal claim that it was undisputed that the defendant was acting in a discretionary function when she arrested the plaintiff. *See also Hunter*, 941 F.3d at 1284 ("Because the officers here were clearly performing discretionary law enforcement functions at the time of the shooting, the burden shifts to Hunter to show either that they failed to discharge their duties in accordance with the law or that they acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law." ); *Brown*, 608 F.3d at 741 (finding it undisputed that an arrest is a discretionary function for purposes of state-agent immunity); *Robinson v. Rankin*, 815 F. App'x 330, 344 (11th Cir. 2020)(analyzing the officer's state-agent immunity from Alabama state-law claims arising from an officer shooting a suspect and

concluding that the plaintiff's claims arose from a function that would entitle the officer to immunity).

In this case, Franklin alleges that Robinson was discharging duties pursuant to the City's jail policies. (Doc. 34 at 13).  Therefore, Robinson, a jailer discharging jail policies, was engaged in a function that would entitle her to state-agent immunity. *Shell*, 2021 WL 1940661, at *3.

To overcome this immunity, the burden shifts to Franklin to demonstrate that one of the exceptions to state-agent immunity applies. *Id*.  Franklin points to the exception which applies when the state agent fails to follow detailed rules or regulations. (Doc. 41 at 7).  In *Shell*, the Court held that the immunity exception did not apply where jail policies were "broadly phrased" and not specific or sufficiently detailed. 2021 WL 1940661, at *5; *see also Robinson*, 815 F. App'x at 344 (explaining that the state-agent immunity exception applies only when the defied regulation is sufficiently detailed that it "would remove a State agent's judgment in the performance of required acts." ).

In this case, although given an opportunity to correct pleading deficiencies, Franklin has failed to allege facts which show that Robinson acted pursuant to a specific or sufficiently detailed rule or regulation. *Id.*  Instead, Franklin alleges that the City has rules and regulations for the use of Tasers in the City jails and that those rules created a duty to act reasonably, which was violated by Robinson. (Doc. 34 para. 69).  Accordingly, this Court concludes that the motion to dismiss is due to be GRANTED as to the alternative negligence claim pleaded against the City.

## IV.   CONCLUSION

For the reasons discussed, it is hereby ORDERED that

1.   The motion for oral argument (doc. 43) is DENIED.

2.   The motion to dismiss the second amended complaint (doc. 36) is DENIED in

part and GRANTED in part as follows:

    a.   The motion is DENIED as to the Eighth Amendment claim against the City.

    b.   The motion is GRANTED as to the punitive damages claim against the City

       and the claim for punitive damages against the City are DISMISSED.

    c.   The motion is GRANTED as to the negligence claim against the City and

       the negligence claim is DISMISSED.

Done this 24th day of January, 2022.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE